IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHARLES WARD, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | NO. 3:15-cv-01089 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## **MEMORANDUM OPINION**

Pending is Petitioner Charles Ward, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1, "2255 Petition"). For the reasons set forth below, the 2255 Petition will be denied.

Via the 2255 Petition, Petitioner challenges the sentence imposed in his underlying federal criminal case (this Court's Case No. 3:13-cr-00048). In that case, on March 17, 2014, a jury found Petitioner guilty of the crime of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the sentencing judge enhanced Petitioner's sentence in accordance with the Armed Career Criminal Act (18 U.S.C. § 924(e), "ACCA"), because the judge found that Petitioner had more than the minimum number of "violent felonies" necessary to trigger an enhanced sentence under the ACCA. Specifically, a defendant convicted of a violation of 18 U.S.C. § 922(g) receives a mandatory minimum 15-year sentence if, prior to the violation, he or she had at least three previous convictions for a "violent felony" (or "serious drug offense," though none appear in this case) committed on occasions different from one another, and the sentencing judge found that Petitioner had nine such prior "violent felonies."

1

A "violent felony" for purposes of the ACCA is an offense that: (a) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (b) is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. *See* § 922(e)2(B). The first part of the second clause is referred to as the "enumerated clause," while the second (*i.e.*, post-comma) part of the second clause is referred to as the "residual clause."

It is undisputed that Petitioner had the following prior felony convictions and that each preceded the date of his § 922(g) violation, which occurred on July 12, 2012:

(a) A 1975 conviction in Tennessee for Robbery;

(b) A 1975 conviction in Tennessee for Burglary in the 2nd Degree;

(c) A March 7, 1979 conviction in Tennessee for Armed Robbery with a Deadly Weapon based on an August 12, 1978 incident (Davidson County Criminal Court Case No. C3719);

(d) A March 7, 1979 conviction in Tennessee for Armed Robbery with a Deadly Weapon based on an August 22, 1978 incident (Davidson County Criminal Court Case No. D3648);

(e) A March 3, 1983 conviction in Tennessee for Armed Robbery (imposed in Davidson County Criminal Case No. D0973) based on a July 19, 1982 incident;

(f) A March 3, 1983 conviction (also imposed in Case No. D0973) in Tennessee for Armed Robbery based on a July 23, 1982 incident;[1]

---

[1] As far as the Court can tell, it is not clear from the Presentence Report ("PSR") from the underlying criminal case that any of the listed four armed robbery convictions were specifically for armed robbery *with a deadly weapon*. But both parties state that the armed robbery convictions in Case No. 0973 and Case No. C3719 in fact were. (Doc. No. 1 at 13; Doc. No. 27 at 3). As for the fourth armed robbery conviction (Case No. 3648), the Government claims it was also, although the Court does not see where Petitioner has agreed to that. In any event, as indicated below, a conviction for armed robbery, whether or not for armed robbery with a deadly weapon, counts as an ACCA predicate, and so this issue is immaterial.

(g) A 1995 conviction in Tennessee for Aggravated Robbery;

(h) A 2007 conviction in Kentucky for Robbery in the 2nd Degree;

(i) A 2007 conviction in Kentucky for Robbery in the 2nd Degree.

I.  INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Petitioner first alleges ineffective assistance of counsel. Counsel is ineffective if and only if counsel did not meet an objective standard of reasonableness under prevailing professional norms, and this performance resulted in prejudice for the defendant. *Strickland v. Washington*, 466 U.S. 668 (1984).

As his first ineffective-assistance-of-counsel theory, Petitioner argues that his counsel was ineffective for failing to object at sentencing to the counting, as predicates towards the ACCA minimum of three violent felonies, of his two 1979 Tennessee robbery convictions and his two Kentucky robbery convictions. Petitioner argues (and claims that his counsel was ineffective at sentencing for *not* arguing) that under Tenn. R. Crim. P. 32(c)(3)(C), his 1983 Tennessee armed robbery conviction(s) in Case No. C3719 should have run consecutively, rather than concurrently, with his 1979 Tennessee armed robbery conviction in Case No. C3719.[2] The Government counters by asserting—albeit rather cursorily and while operating under a misunderstanding as to what Petitioner really was arguing[3]—that a complaint about the sentencing on two robberies, even if

---

[2] This seems an unlikely complaint from Petitioner, who at the time presumably (unless the Court is missing something) would have greatly preferred concurrent sentencing to consecutive sentencing. And yet Petitioner has indeed aired this grievance in attacking the counting of his 1979 convictions as predicates under the ACCA.

[3] It appears that Petitioner's counsel, and then the Government in turn, have misapprehended what Petitioner was arguing here in his original *pro se* Petition. Each claims that Petitioner was complaining about the sentencing on his *two 1979* armed robbery convictions. (Doc. No. 26 at 2 (citing Doc. No. 1 at 13; Doc. No. 27 at 4). In fact, he was not, but rather lodging the complaint as the Court has described it above. (Doc. No. 1 at 13-14). Among other things, Petitioner's counsel apparently has confused Petitioner's armed robbery convictions on March 7, 1979 with his 1975

3

valid, would not invalidate either conviction. (Doc. No. 27 at 4). The Government is correct; even assuming arguendo the possible validity of Petitioner's complaint, it would not invalidate either conviction—nor have any impact on whether these convictions are properly counted as ACCA predicates.

Petitioner also argues that his counsel was ineffective for failing to challenge his two Kentucky convictions, arguing that he pled guilty without assistance of counsel, as his attorney at the time was not barred in Kentucky. However, a Kentucky court has already denied Petitioner's claim in this matter. Moreover, as discussed below, Petitioner is subject to an enhanced sentence under the ACCA even if none of his Kentucky convictions count as predicates. Thus, Petitioner cannot show that his sentencing attorney's performance prejudiced him, as required for relief under *Strickland*. Therefore, Petitioner cannot show he is entitled to relief on this claim.

II.     CLAIMS BASED ON *JOHNSON v. UNITED STATES*

Second, Petitioner claims that *Johnson v. United States*, 135 S. Ct. 2551 (2015), renders unconstitutional the counting of some of his prior violent felony convictions as ACCA predicates. Relatedly, he claims that his counsel's failure at sentencing to challenge the counting of these convictions as predicates constituted ineffective assistance of counsel. These claims are without merit.

In *Johnson*, the Supreme Court held that the "residual clause" of the ACCA (*i.e.*, "or otherwise involves conduct that presents a serious potential risk of physical injury to another.") is unconstitutionally vague, striking down this part of the statute. Petitioner argues that *Johnson* invalidates the ACCA-predicate status of some of his prior convictions, because they were

---

conviction (in Case No. 6418) for robbery without a deadly weapon. In counsel's defense, and in all seriousness and without meaning to be flip, it is not easy to keep all of Petitioner's convictions straight.

4

considered violent felonies based only on the "residual clause" and do not qualify as violent felonies under the "elements clause."

More specifically, Petitioner challenges the ACCA-predicate status of most if not all of his Tennessee robbery convictions, which he categorizes as "armed" robberies, an "aggravated" robbery, and a robbery neither armed nor aggravated. Petitioner candidly acknowledges (Doc. No. 26 at 7) that the Sixth Circuit has held that Tennessee robbery convictions categorically have an element of force for purposes of the ACCA, specifically based on the first clause of § 922(e)2(B) (*i.e.* "has as an element the use, attempted use, or threatened use of physical force against the person of another. . ."). *See United States v. Mitchell*, 743 F.3d 1054, 1060 (6th Cir. 2014).

Petitioner argues that *Mitchell* should be overturned. However, the Sixth Circuit recently has refused on multiple occasions to overturn *Mitchell*, even after the Supreme Court decided *Johnson*. *See United States v. White*, 768 F. App'x 428, 431 (6th Cir. 2019); *United States v. Porter*, 765 F. App'x 128, 129 (6th Cir. 2019). It is still the law of this circuit that Tennessee's robbery statute, Tenn. Code Ann. § 39-13-401, categorically requires the use of force and qualify as "violent" felonies under the ACCA.[4] *White*, 768 F. App'x at 431. The same as true (and if anything even more obviously true) of Tennessee's aggravated robbery statute, Tenn. Code Ann. § 39-13-402. *Porter*, 765 F. App'x at 129. Therefore, Petitioner's argument against counting his Tennessee robbery convictions (and any argument against counting his aggravated robbery conviction) fails.

Petitioner makes additional arguments under *Johnson* regarding his two Kentucky convictions and his second-degree burglary conviction. However, it is unnecessary to address these

---

[4] *Porter* does not address armed robbery specifically. However, the court in *Porter* makes it clear that "robbery" is a violent felony, as it reaffirmed *Mitchell*. Thus, this Court can safely assume that armed robbery is also a violent felony for purposes of the ACCA.

claims. Even if Petitioner succeeded in proving that his second-degree burglary conviction and two Kentucky convictions should be overturned, he still would have six prior violent felonies (*i.e.* the five Tennessee robbery convictions and the single Tennessee aggravated robbery conviction enumerated above in (a) and (c)-(g)) and thus still be subject to the mandatory minimum 15-year sentence under the ACCA.

## CONCLUSION

Petitioner's *Johnson* argument fails with respect to all of his Tennessee robbery (or aggravated robbery) convictions, and he also has failed to show any basis for invalidating any of them. Thus, even if he could prevail on all of his other arguments, he still would have at least three qualifying violent felonies under the ACCA, thus rendering application of the ACCA's mandatory minimum sentence appropriate. This dooms not only his entitlement to relief directly under *Johnson,* but also his entitlement to relief based on ineffective assistance of counsel because he could not possibly show prejudice under *Strickland* test based on his counsel's omission of (futile) arguments against Petitioner's qualification for enhanced sentencing under the ACCA. For these reasons, the 2255 Petition will be denied.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE